UNITED STATES DISTRICT COURT
DISTRICT MARYLAND

_____

**NKOLI D. IKE-EZUNAGU**
**PO Box 6427**
**Silver Spring, MD 20916**

    **Plaintiff,**

    v.                                  Civil Action No.

**DECO, INC.**
**14275 Golf Course Dr.  Suite 250**
**Baxter, MN 56425**

    **Defendant.**
_____

## COMPLAINT

    1.  Plaintiff alleges that defendant, her former employer, violated The Civil Rights Act of  1866, as amended, 42 U.S.C. Sec. 1981, Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e, et.seq. for firing her discriminatorily, based on her race (black), color, National Origin (Nigeria) and ethnic characteristics and in retaliation for complaining about discrimination.  Plaintiff also alleges that defendant violated the Family and Medical Leave Act ("FMLA"), 5 U.S.C. Sec. 2615 et seq. by terminating her employment after two years of good performance at a time when she was disabled by her treating physician because of severe headaches.  Plaintiff also is bringing pendent state claims against Defendant for failing to pay her for hours that she worked prior to her termination.

   2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, §1343(a)(3) and §706(f) of Title VII, 42 U.S.C. §2000e-5(f) and 29 U.S.C. § 2617(a)(2).

   3.  Venue in this district is appropriate pursuant to 28 U.S.C. §1391 and §706(f) of

Title VII, 42 U.S.C. §2000e-5(f) because the acts of discrimination occurred in this judicial district and the defendant employed the plaintiff in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Prior to filing this case, the plaintiff filed a timely complaint of discrimination against the defendant with the Equal Employment Opportunity Commission (EEOC) regarding the events giving rise to this case. More than 180 days have passed since the filing of this complaint. Within 90 days of filing this action, the plaintiff received from the EEOC her right to commence this action. Accordingly, the plaintiff has, in law or equity, complied with all administrative prerequisites to suit.

PARTIES

5. Plaintiff, Ms. Nkoli D. Ike-Ezunagu, is a United States citizen who currently resides in Silver Spring, Maryland.

6. Defendant, Deco, Inc., is a for profit corporation offering security services to the public. Defendant employs more than 100 employees and is engaged in interstate commerce within the meaning of that term under both Title VII and the FMLA.

FACTS

7. Plaintiff is a 46-year old female who was born, raised and educated in Nigeria, Africa, immigrated to this country in April 1999 and became a U.S. citizen in May 2003.

8. Plaintiff is certified as a security guard and has worked for various companies prior to being employed by defendant in 2005. She performed her duties well and was never disciplined for any reason.

9. Plaintiff was hired by Defendant in 2005 as a part time security guard with the assurance that she would be made full time if she performed satisfactory and as positions

became available.  Plaintiff was working on a Department of Health and Human Services location in Rockville, MD.

10.  In 2007, Plaintiff was bypassed for several full time positions that Defendant filled with less senior employees who were American-born employees and also by newly hired employees who were still probationary employees. Plaintiff complained to the EEOC about being discriminated against by defendant in being bypassed for a full time position.  Plaintiff also complained to her managers and a meeting was set up for August 8, 2007.   Following this meeting, Defendant offered Plaintiff a full time position and provided her a schedule with full time hours.  However, Defendant insisted that Plaintiff drop all her EEOC complaints within 24 hours.  After reflection, Plaintiff decided not withdraw her EEO complaints because of all the backpay that she lost to that point.

11.  Plaintiff was later told that her full time schedule was suspended, without explanation.

12.  Plaintiff was disabled from work from 8/11/07 through September 3, 2007 by her treating physician.  She promptly notified Defendant and provided a copy of the disability note as required by company policies.

13.  Defendant terminated Plaintiff by letter dated 8/24/07, noting that she failed to return to work and failed to attend a meeting on 8/21/07 and therefore were being treated as having voluntarily resigned from her job.

14.  Plaintiff was never notified about any meeting on 8/21/07 and was still disabled from returning to work during this period.

15. Defendant's explanation for terminating Plaintiff was pretextual.

16.  Plaintiff suffered terribly from Defendant's termination.   Being the provider for

two minor children, Plaintiff was anxious how she would be able to pay her bills and provide for her children.  She suffered severe anxiety until she was able to find sufficient other employment to pay her bills.   Meanwhile, she got behind on some of her bills, her credit suffered, and she was almost evicted from her apartment.

## CLAIMS

### I.  Defendant's Conduct violated the Federal FMLA

17.  Plaintiff incorporates by reference paragraphs 1 through 16 above.

18.  Under the Family Medical Leave Act, Plaintiff was entitled to use up to 12 weeks of time each year to cover disabling illness from work.

19.  Defendant violated the Family and Medical Leave Act (FMLA) , 29 U.S.C.Sec. 2615 by terminating Plaintiff for her missing work because of her covered medical condition.

20.  Defendant's conduct was not in good faith, entitling Plaintiff to additional liquidated damages under the statute.

### II.  Defendant Violated Title VII and Section 1981  -- discrimination and retaliation

21.  Plaintiff incorporates by reference paragraphs 1 through 20 above.

22.  Defendant discriminated against Plaintiff based on her race (black), color, National Origin (Nigeria) and ethnic characteristics by giving less senior and newly hired-American born guards full time positions at a time when she had been promised that she would be given a full time position.

23.  Defendant also retaliated against Plaintiff after she complained to the EEOC and higher management about discrimination by insisting that had to withdraw her

4

complaints of discrimination in order to get a full time schedule.

24. Defendant retaliated against Plaintiff for not withdrawing her EEO complaint by not compensating Plaintiff for the 5 hour meeting that management held on the clock after assuring Plaintiff that she would be compensated for her time.

25. Defendant retaliated against Plaintiff by suspending her full time schedule after she refused to withdraw her earlier complaint of discrimination.

26. Defendant fired plaintiff discriminatorily, based on her race (black), color, National Origin (Nigeria) and ethnic characteristics and in retaliation for complaining about discrimination.

27. The defendant's actions were taken with malice toward, and/or in reckless indifference to, the plaintiff's federal rights.

28. As a result of the defendant's violations of Title VII and 42 U.S.C. §1981, plaintiff suffered a loss of employment, lost compensation and fringe benefits, and other rights and privileges of her employment.

29. As a result of the defendant's violations of Title VII and 42 U.S.C. §1981, the plaintiffs suffered emotional pain, mental anguish, humiliation and loss of enjoyment of life.

III.  Failure to Pay Wages

30. Defendant failed to pay plaintiff all wages that she was entitled to in violation of Maryland State law §3–501.

**V. REMEDY REQUESTED:**

Wherefore, plaintiff requests this Court grant her the following relief:

1. Direct defendant to reinstate plaintiff and make her whole for all losses in

wages and benefits that she suffered because of defendant's illegal conduct;

    2. Grant plaintiff additional liquidated damages for defendant's not in good faith violations of the Family Medical Leave Act;

    3. Grant plaintiff compensatory damages for her pain, suffering and humiliation in being subjected to discrimination and retaliation;

    4. Grant the plaintiff pre and post judgment interest on all amounts awarded;

    5. Grant the plaintiff reimbursement for reasonable fees and costs associated with securing her rights under FMLA, Title VII, Section 1981 and the Maryland wage payment law;

    6. Grant plaintiff treble damages under the Maryland wage payment law;

    7. Grant plaintiff punitive damages;

    8. Direct defendant to take such other actions that are necessary to give plaintiff complete relief under the law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury with respect to all issues that she is entitled to a jury trial under law.

FOR THE PLAINTIFF,

/s/ Michael P. Deeds
---------------------------------
Michael P. Deeds
VSB# 16371
KESTELL & ASSOCIATES
1012-14th Street, N.W.
Suite 630
Washington, D.C. 20005
(202) 347-4481
Fax: (202)347-4482
mikedeeds@juno.com

        James L. Kestell
        To be admitted *pro hac vice*
        KESTELL & ASSOCIATES
        209 Midvale Street
        Falls Church, VA  22046
        (703) 237-2912
        jlkestell@cox.net