**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **NKOLI D. IKE-EZUNAGU,** | * | |
| Plaintiff | * | |
| v. | * | Case No.: RWT 09cv526 |
| **DECO, INC.,** | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

The Court issued a scheduling order on September 30, 2009 which set the discovery deadline in this case for February 12, 2010. ECF No. 11. After numerous requests to extend the discovery deadline, discovery was set to close on October 13, 2010. ECF No. 28.

On September 29, 2010, Plaintiff Ike-Ezunagu filed a Motion to Continue Scheduling Order and Motion for Extension of Time for Discovery in which she sought a ninety day extension of the October 13, 2010 discovery deadline. ECF No. 29. Defendant Deco, Inc. opposed that motion. ECF No. 30. On November 2, 2010, this Court granted "**one, final**" twenty-one day extension of the discovery deadline to November 23, 2010. ECF No. 31, at 2-3 (emphasis added).

On November 5, 2010, Defendant contacted Plaintiff to coordinate mutually agreeable dates on which to conduct the remainder of Plaintiff's deposition. ECF No. 34, at 1. Plaintiff's deposition was scheduled for November 10, 2010 at 3:00 p.m., a date agreeable to Plaintiff. *Id.* at 2. Defendant took Plaintiff's deposition as scheduled on November 10, 2010. *Id.* At no time during either the November 5, 2010 phone call or the November 10, 2010 deposition did Plaintiff inform Defendant she would be seeking to depose any of its officers or employees. *Id.*

Plaintiff first informed Defendant of her intention to take the depositions of seven individuals on November 12, 2010, only eleven days before the discovery deadline. ECF No. 34-2. Plaintiff sought to depose Andy Pierucki, Defendant Deco's Vice President; Kathy Finn, a Deco Human Resources employee; and five other individuals who are former Deco employees. ECF No. 34-2 at 3. When Defendant's counsel called Plaintiff to respond to her request for depositions, Plaintiff demanded that Defendant's counsel respond to her deposition request in writing. ECF No. 34 at 3. When Defendant's counsel responded to Plaintiff's request in writing, Plaintiff refused to communicate with her, claiming that Defendant's counsel did not have *locus standi*. *Id.* Ex. A. Plaintiff at no time attempted to work with counsel to arrange mutually convenient dates and times on which to conduct the requested depositions. *Id.* at 3.

Plaintiff filed an "Emergency Request" for Subpoenas with this Court on November 15, 2010. ECF No. 33. Plaintiff requested that subpoenas be issued for service on five individuals, including Deco Vice President Andy Pierucki; Deco employee Kathy Finn; and former Deco employees Mike Fenslau, Lynnard Deans, and James Lee. *Id.* Without first consulting with Defendant's counsel regarding mutually agreeable dates and times, Plaintiff simply scheduled these depositions for November 19, 22 and 23, 2010. *Id.* Defendant moved to quash the subpoenas on November 17, 2010, arguing that the issuance of the subpoenas would impose an undue burden on the deponents in violation of Federal Rule of Civil Procedure 45. ECF No. 34. The Court agrees.

Under the Federal Rules of Civil Procedure, the parties are obligated to cooperate to "identify and fulfill legitimate discovery needs, yet avoid seeking discovery the cost and burden of which is disproportionally large to what is at stake in the litigation." *Mancia v. Mayflower Textile Svcs. Co.*, 253 F.R.D. 354, 357-58 (D. Md. 2008). All parties must engage in discovery

in a manner evidencing "cooperation rather than contrariety, communication rather than confrontation." *Id.*

Pursuant to Federal Rule of Civil Procedure 30(b)(1), a party "must give reasonable written notice to every other party" to an action of her intent to take an individual's oral deposition. F. R. Civ. P. 30(b)(1). This notice must state the deponent's name and address and the time and place of the deposition. *Id.* A party may compel an individual's attendance at a deposition through the use of a subpoena, but Federal Rule of Civil Procedure 45(c)(1) directs that "[a] party . . . responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoenas." F. R. Civ. P. 45(c)(1). The Rule further requires a court to quash or modify any subpoena that "fails to allow a reasonable time to comply" or "subjects a person to undue burden." F. R. Civ. P. 45(c)(3)(A)(i), (iv).

Plaintiff clearly failed to comply with Rule 30(b)(1). Plaintiff's notice to Defendant of her intent to depose seven individuals was sent to them on November 12, 2010, two days after Plaintiff's own deposition and only eleven days before the discovery deadline. Plaintiff had ample opportunity to inform Defendant of her intention to depose these individuals during her November 10, 2010 deposition or during the November 5, 2010 phone call scheduling that deposition. She failed to do so. Further, the notice she did provide Defendant on November 12, 2010, was deficient in that it did not list the addresses of the individuals she sought to depose or the dates and times at which the depositions would take place. ECF No. 32. After Defendant's counsel informed Plaintiff that five of these individuals no longer worked for Deco and attempted to work with Plaintiff to find mutually convenient dates and times on which to conduct the depositions of the two individuals who were still Deco employees, Plaintiff refused to speak

with Defendant's counsel. Rather, Plaintiff directed Defendant's counsel to respond to her deposition request in writing. ECF No. 34 Ex. A. Plaintiff then refused to communicate with Defendant's counsel on the grounds that Plaintiff believed she lacked *locus standi*. *Id.* Plaintiff, unwilling to cooperatively arrange her proposed depositions, then filed an "emergency motion" in this Court seeking the issuance of subpoenas for service on five deponents. ECF No. 33.

The parties in this case have been engaged in discovery for almost thirteen months, yet Plaintiff waited until the proverbial eleventh hour and fifty-ninth minute to request subpoenas commanding the appearance of five individuals for depositions scheduled to occur on extremely short notice. At most Plaintiff afforded the deponents eight days between the date of her request for subpoenas and the date of the scheduled depositions. ECF No. 33. Requiring individuals to appear for depositions two to three days before Thanksgiving on—at most—eight days notice does not provide these individuals with "reasonable time to comply" with the subpoenas and imposes on each an undue burden, especially in light of the lengthy travel that would be required. As such, the Court may quash or modify these subpoenas pursuant to Rule 45(c)(3)(A)(i) & (iv). Given Plaintiff's dilatoriness in seeking to depose these individuals and the fact that they cannot be deposed by the deadline set by the Court's November 2, 2010 Order without imposing on them an undue burden, the Court shall, by separate order, deny the Plaintiff's "emergency motion" and grant the Defendant's motion to quash.

Despite Defendant's apparent willingness to cooperate in concluding discovery consistent with the Court's November 2, 2010, Order, Plaintiff has shown no desire to manage the parties' discovery needs in a manner characterized by "communication rather than confrontation." *Mancia*, 253 F.R.D. at 358. Plaintiff's dilatoriness and unwillingness to comply with both the letter and spirit of the Federal Rules will not be condoned by this Court.

Defendant, which is apparently far more aware of its responsibility to cooperatively conclude discovery in this case than is Plaintiff, has suggested that Plaintiff be allowed to telephonically depose Vice President Pierucki and Human Resources employee Finn, the only individuals who still work for Defendant Deco, pursuant to Federal Rule of Civil Procedure 30(b)(4). F. R. Civ. P. 30(b)(4) ("[T]he Court may on motion order . . . that a deposition be taken by telephone or other remote means.") Because the Court sees this as the only means by which to conclude discovery in this action consistent with the Federal Rules of Civil Procedure and this Court's Order of November 2, 2010, Plaintiff shall be permitted to telephonically depose them on November 23, 2010. Plaintiff is directed to work with Defendant's counsel to arrange mutually convenient times on that date for those depositions to be conducted. The parties are directed to arrange for the telephonic deposition to occur at a mutually convenient and sufficiently equipped location. Should Pierucki or Finn be unavailable for telephonic deposition on November 23, 2010, Defendant is instructed to inform this Court on or before November 23, 2010. At that point, the Court will consider whether a minor extension of the discovery deadline, *if any*, is appropriate for the limited purpose of scheduling these two, telephonic depositions. A separate order follows.

November 22, 2010 /s/
Date Roger W. Titus
United States District Judge