IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**NKOLI D. IKE-EZUNAGU,**

    Plaintiff,

v.      Case No.: RWT 09cv526

**DECO, INC.,**

    Defendant.

## MEMORANDUM OPINION

On December 10, 2010, Plaintiff Nkoli D. Ike-Ezunagu filed a motion requesting the appointment of counsel. ECF No. 41. In support of her motion, Plaintiff asserted that (1) she had secured a law firm to represent her but then the law firm declined to enter an appearance; (2) other efforts to retain an attorney have been unsuccessful; and (3) she recently secured new employment with a rigorous probation period and therefore does not have time to represent herself adequately in this action. *Id.*

This Court has discretion to appoint counsel in cases where an indigent plaintiff presents exceptional circumstances. 28 U.S.C. § 1915(e) (1); *see also Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1984). Whether such circumstances exist depends on (1) the type and complexity of the case, and (2) the abilities of the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v U.S. District Court*, 490 U.S. 296, 298 (1989); *Gordon v. Leake*, 574 F.2d 1147, 1153 (4th Cir. 1978). At this stage of the proceedings, the issues do not appear unduly complex. Plaintiff has demonstrated her ability to adequately present her claims, and there is no demonstration of exceptional circumstances. Therefore, appointment of counsel for Plaintiff is not warranted under 28 U.S.C. § 1915(e) (1) at this time.

When an individual requests appointment of counsel in a Title VII employment discrimination case, the Court must also consider whether such appointment is warranted under 42 U.S.C. § 2000e-5(f)(1). Pursuant to this provision, "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant." 42 U.S.C. § 2000e-5(f)(1). The decision whether to appoint counsel is within the discretion of the trial judge. *Poindexter v. Federal Bureau of Investigation,* 737 F.2d 1173, 1179 (D.C. Cir. 1984). Though the Fourth Circuit has not addressed the issue, several circuit courts have indicated that a court should consider the following factors in assessing whether counsel should be appointed to represent a Title VII plaintiff: (1) the ability of plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel. *Id.* at 1185.

Plaintiff has not demonstrated that appointment of counsel is warranted under 42 U.S.C. § 2000e-5(f)(1). Because Plaintiff was represented for most of this litigation by counsel, it is not apparent that Plaintiff cannot afford an attorney. Further, even if Plaintiff demonstrates her indigence, Plaintiff has not set forth sufficient facts regarding the merits of her case, her efforts to secure counsel, or her incapacity to present the case without the aid of counsel which convince the Court that she is entitled to appointment of counsel at this time. Plaintiff asserts that she has tried to retain counsel since her counsel withdrew in September, but has been unable to do so. ECF No. 41. However, the Court notes that Plaintiff consented to the withdrawal of her counsel after their relationship soured. *See* ECF Nos. 24, 28. In addition, many pro se plaintiffs must represent themselves while working full-time and the Court does not believe appointment of counsel is warranted merely because it may be difficult for plaintiff to represent herself while

engaged in full-time employment.  Further, Plaintiff has not articulated why the merits of her claims should compel this Court to appoint counsel.  Finally, as noted above, Plaintiff has demonstrated an ability to articulate her claims without the assistance of counsel.  Therefore, Plaintiff's motion seeking appointment of counsel [ECF No. 41] shall be denied by separate order.


January 3, 2011                                    /s/
Date                                     Roger W. Titus
                                         United States District Judge