## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **NKOLI D. IKE-EZUNAGU,** | * |
| Plaintiff, | * |
| v. | * Civil Action No. RWT 09cv526 |
| **DECO, INC.,** | * |
| Defendant. | * |

## MEMORANDUM OPINION

Plaintiff Nkoli D. Ike-Ezunagu ("Ike-Ezunagu") brought this employment discrimination action after she was terminated from her position as a security guard with Deco, Inc. ("Deco"). For the reasons set forth below, the Court will grant Deco's Motion for Summary Judgment.

## BACKGROUND

Ike-Ezunagu is a 46-year old female who was born, raised, and educated in Nigeria, Africa. Compl. ¶7. Ike-Ezunagu immigrated to the United States in April, 1999, and became a United States citizen in May, 2003. *Id.* Plaintiff began employment with Deco on or about April 28, 2005, as a part-time, hourly, armed security guard stationed at the Department of Health and Human Services in Rockville, Maryland. *Id.* ¶9.

Ike-Ezunagu alleges that she was hired with the understanding that she would be given a full-time position if she performed satisfactorily and such a position became available. *Id.* She further alleges that she was bypassed for several full-time positions, in favor of less senior employees who were American-born. *Id.* ¶10.

On October 24, 2006, Ike-Ezunagu was given a written warning letter that stated that her failure to stay at her post until properly relieved, to act professionally, and to follow company

1

procedures could result in her termination. Affidavit of Andy Pierucki, ECF No. 43-5 at ¶¶25-27, Deco's Statement of Undisputed Facts, ECF No. 43-1 at ¶¶10, 12. Nevertheless, on August 1, 2007, Ike-Ezunagu argued with her supervisor about her right to "bump" another officer from a preferable post and failed to sign in for her assigned post. Deco's Statement of Undisputed Facts, ECF No. 43-1 at ¶¶ 6, 7. She also failed to report for duty on time on August 2, 2007, and failed to attend a scheduled meeting on August 2, 2007. *Id.* at ¶¶8, 9. Ike-Ezunagu and her supervisors met on August 8, 2007, to discuss Plaintiff's complaints about not being given a full-time position and her recent employment infractions. *Id.* ¶10.

At some point after the meeting, Ike-Ezunagu was offered a full-time position. *Id.* ¶14. Ike-Ezunagu claims her full time employment offer was conditioned on her withdrawing the Complaint she had filed with the Equal Employment Opportunity Commission ("EEOC") on August 10, 2007. Compl. ¶10, EEOC Compl., ECF No. 29-17. After the August 8, 2007 meeting, Plaintiff refused to sign out of her post and accept a different assignment, an infraction justifying her termination under the conditions outlined in the October 2006 warning letter. Affidavit of Andy Pierucki, ECF No. 43-5, ¶36, Deco's Statement of Undisputed Facts, ECF No. 43-1 at ¶¶15-16.

Plaintiff claims that she was unable to work from August 9, 2007 through September 3, 2007 due to disabling headaches, and alleges that she provided documentation of her headaches to her supervisors. Compl. ¶12. Deco claims that Ike-Ezunagu provided them with a single sick leave slip for her first week of absence. ECF No. 43-1 at 2.

Deco scheduled a meeting for August 14, 2007 with Ike-Ezunagu and her union representative to discuss Ike-Ezunagu's absences, health condition, and infractions. Affidavit of Andy Pierucki, ECF No. 43-5, ¶¶37, 38. Ike-Ezunagu failed to appear for this meeting. *Id.* ¶39.

2

Deco then notified Ike-Ezunagu's union representative that Ike-Ezunagu must meet with her supervisor by August 21, 2007. Deco's Statement of Undisputed Facts, ECF No. 43-1 at ¶18. Deco received no response from Ike-Ezunagu, and considered Plaintiff's continued absence from work to be her voluntary resignation from her position pursuant to the absence policy stated in Deco's employee handbook. Affidavit of Andy Pierucki, ECF No. 43-5, Letter from Deco to Ike-Ezunagu, ECF No. 29-13. Ike-Ezunagu claims that she was never notified about the August 21, 2007 meeting and further claims that she was still disabled and unable to return to work on August 21st. Compl. ¶ 4.

## PROCEDURAL HISTORY

On March 4, 2009, Ike-Ezunagu filed a complaint with this Court alleging that her termination violated the Family Medical Leave Act of 1993, ("FMLA"), 29 U.S.C. §2611, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §1981, and the Maryland Wage Payment and Collection Law ("MWPCL"). ECF No. 1.

Ike-Ezunagu alleges that Deco violated the FMLA by terminating her for missing work as the result of a covered medical condition. Compl. ¶¶17-20. She further alleges that Deco discriminated against her because of her race and national origin when it hired American-born guards for full-time positions in lieu of Plaintiff. *Id.* ¶22. Ike-Ezunagu claims Deco retaliated against her after she filed a complaint with the EEOC and denied her wages she was due in violation of the MWPCL. *Id.* ¶¶23-26, 30.

After the Court granted Ike-Ezunagu's counsel's motion to withdraw on September 9, 2010, the Court extended the discovery deadline and the dispositive pretrial motions deadline by thirty days. ECF No. 28. In response to Plaintiff's motion for an additional

extension of time, the Court ordered that all dispositive pretrial motions be filed by December 20, 2010. ECF No. 31.

On December 10, 2010, Plaintiff filed a motion requesting appointment of counsel, which was denied on January 3, 2011. ECF No 45. Deco filed a Motion for Summary Judgment on December 20, 2010. ECF No. 43. That same day, Plaintiff filed a status report indicating that she knew of Deco's intention to file a dispositive pretrial motion, and indicated that she intended to oppose such a motion. ECF No. 42. However, Ike-Ezunagu never filed an opposition to Deco's motion.

## **ANALYSIS**

The Court must grant summary judgment to a moving party if it determines that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006); Fed. R. Civ. P. 56. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." F. R. Civ. P. 56(c)(1). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion." F. R. Civ. P. 56(e)(2). In assessing whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." F. R. Civ. P. 56(c)(3).

## I. FMLA Claim

The FMLA provides eligible employees up to twelve weeks of unpaid leave each year for "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

Undisputed evidence shows that Ike-Ezunagu did not request FMLA leave in connection with her August 2007 leave of absence. Plaintiff stated in her deposition that she intended to use sick leave, not FMLA leave, in connection with her August 2007 absence. ECF No. 43-2, at 30-32. Moreover, Ike-Ezunagu was familiar with the procedures for requesting FMLA leave, as she had previously requested—and received—such leave from Deco due to an illness in 2005. ECF Nos. 43-3, 43-4. Because Plaintiff did not request FMLA leave, her FMLA claim fails as a matter of law. Accordingly, Deco is entitled to summary judgment on Ike-Ezunagu's FMLA claim.

## II. Title VII and 42 U.S.C. § 1981 Claims

In order to establish a prima facie case of failure to promote under Title VII, Plaintiff must show by a preponderance of the evidence that "(1) she is a member of a protected class; (2) there was an open position for which she applied or sought to apply; (3) she was qualified for the position; and (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Evans v. Technologies Applications and Svc. Co.*, 80 F.3d 954, 958 (4th Cir.1996).

Ike-Ezunagu is a black woman, and is therefore a member of a protected class. However, Ike-Ezunagu presents no evidence that there were open, full-time positions to which she applied, that she was qualified for those positions, or that she was not selected for these positions under circumstances giving rise to an inference of discrimination. In her deposition, Ike-Ezunagu

acknowledged that she did not believe she was discriminated against because she was black. ECF No. 43-2 at 4. Further, Plaintiff's belief that she was discriminated against because of her national origin was based solely on speculation and rumor. *Id.* at 14. Ike-Ezunagu acknowledged that she had never personally witnessed a Deco employee getting "bumped" from a preferable post because of that employee's national origin or African accent. *Id.* at 14-15. Ike-Ezunagu has failed to present any evidence that she applied for a full-time position and was rejected because of her national origin. Plaintiff's speculation that African born Deco employees are discriminated against, based purely on hearsay, is insufficient to sustain a Title VII failure to promote claim.

To prove a prima facie case of discriminatory termination under Title VII, Plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for her job and her performance was satisfactory; (3) she was terminated from employment; and (4) other employees who are not members of the protected class were retained under similar circumstances. *Porter v. National Con-Serv. Inc.,* 51 F. Supp. 2d 656, 659 (D. Md. 1998), *citing Hughes v. System Serv.,* 134 F.3d 1222, 1228 (4th Cir. 1995).

Ike-Ezunagu is a black woman who was terminated from her position with Deco. However, the undisputed evidence shows that Ike-Ezunagu did not have satisfactory job performance. Ike-Ezunagu was reprimanded in writing for failing to follow company procedures, fought with her supervisors about "bumping" other employees from preferable posts, failed to sign out of her posts as directed, which constituted abandonment of her post, and failed to attend scheduled meetings with her supervisors. Affidavit of Andy Pierucki, ECF No. 43-5 at ¶¶24-27, 34. Additionally, Deco has presented evidence that it has terminated employees who are outside of Ike-Ezunagu's protected class for committing similar infractions. *Id.* ¶43.

6

Ike-Ezunagu has presented the Court with no evidence that employees outside of her protected class were retained after abandoning their posts, not reporting for work, and failing to attend meetings, as Ike-Ezunagu did. Additionally, Deco Vice President Andy Pierucki was unaware of Ike-Ezunagu's race or national origin at the time he made the decision to terminate her employment. *Id.* ¶20. Accordingly, Plaintiff's Title VII discriminatory termination claim fails as a matter of law.

To succeed on a Title VII retaliation claim, Ike-Ezunagu must show that: (1) she engaged in protected activity; (2) her employer took an adverse action against her; and (3) there was a causal connection between the protected activity and the adverse action. *Holland v. Wash. Homes, Inc.,* 487 F.3d 208, 218 (4th Cir. 2007). Ike-Ezunagu alleges that Deco terminated her because she filed a charge against Deco with the EEOC. She has not, however, presented any evidence that a causal connection existed between her filing of an EEOC charge and her termination. Moreover, Deco cites multiple, legitimate reasons for terminating Ike-Ezunagu, including that it believed that she had voluntarily resigned from her position because she did not appear for work or for multiple, scheduled meetings. Affidavit of Andy Pierucki, ECF No. 43-5 at ¶42. Plaintiff has not presented any evidence that she was fired because she filed a complaint with the EEOC. Accordingly, Ike-Ezunagu's retaliation claim fails as a matter of law.

The analytical framework applied to a Section 1981 claim is the same as that applied to a Title VII claim. *See Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1509 (10th Cir. 1997). Because Ike-Ezunagu has presented absolutely no evidence that Deco discriminated against her because of her race, her Section 1981 claim fails as a matter of law.

### III. Count III- Violation of Maryland Wage Payment and Collection Law

The MWPCL regulates "the duty to pay whatever wages are due on a regular basis and to pay all that is due following termination of the employment." *Whittington v. Washington Suburban Sanitary,* 2011 WL 1231168 (D. Md. March 28, 2011), *citing Fiolo v. Frankel,* 819 A.2d 354 (Md. 2003). Ike-Ezunagu's allegation that Deco has violated this law is wholly unsupported by evidence. Ike-Ezunagu has failed to show that she is owed any unpaid wages. Accordingly, Deco is entitled to summary judgment on Ike-Ezunagu's MWPCL claim.

### CONCLUSION

For the reasons set forth above, Deco, Inc's Motion for Summary Judgment will be granted. A separate order follows.


April 18, 2011                                /s/
Date                                  Roger W. Titus
                                      United States District Judge